In the Matter of EUGENE T. LOWE, Petitioner, v ALBERT D. GRAY, JR., as Commissioner of the Department of Correction of the County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Westchester County Department of Correction, dated October 5, 1977, which, after a hearing, terminated the petitioner's employment as a correction officer. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There was substantial evidence to support the determination. Mollen, P. J., Hopkins and Hawkins, JJ., concur.

Titone and O'Connor, JJ., dissent and vote to grant the petition, annul the determination and direct that petitioner be reinstated, with the following

memorandum: The administrative determination which resulted in the petitioner's termination is not supported by substantial evidence. The charges against the petitioner were filed solely on the complaint of the alleged victim of petitioner's acts, a former drug addict. She complained that the petitioner had forced her to accompany him in his car, had restrained her in a closed bar where he worked, had attempted to coerce her into performing an act of oral sodomy by representing that he was a New York State vice squad officer and by threatening to arrest her, and had improperly discharged his weapon. It should be noted that the complainant testified in a narrative manner at the hearing. Her testimony lacked consistency and corroboration. It was subject to significant impeachment. The complainant testified that she first met Lowe in a diner between 3:30 and 4:00 A.M. on the morning in question; that he asked her to accompany him but she refused; that she left the diner and returned later; and that Lowe again approached her, twisted her arm and pulled her outside while she was paying for her food. No witnesses from the diner were presented at the hearing. The complainant did not testify as to how Lowe put or kept her in his car. She originally told the police that she was thinking of jumping out but that Lowe had locked the door automatically from the driver's side. At the hearing it was established that Lowe's car does not have an automatic locking system. The complaintant's testimony does not support her allegations of coercion. Lowe took her to the bar where he worked. She placed conditions upon her entry into the bar, and Lowe complied with her demands and put on all of the lights. She claimed she argued with Lowe during the entire period that they spent in the bar. After entering, she testified that Lowe asked her to perform an act of oral sodomy. Thinking that he would desist if she quoted an outrageous figure, she asked him for $100. He took out his badge, showed her his gun in its ankle holster and stated that he could arrest her but that he wouldn't, if she would perform an act of oral sodomy. She said, "You are no cop". She testified that he acted confused and that he went to the cash registers and opened them with a key, but did not find any money. The bar owner told the investigating officers that his employees did not have keys to the registers. The complainant said to Lowe, "If you are going to arrest me, arrest me." Lowe ceased making demands upon her and, as they left the bar, she continued to argue that he was not a cop. She started walking home alone and heard what could have been a shot or "anything, a backfire". The complainant waited two and one-half days before reporting the incident to the police. She did not mention the fact that Lowe twisted her arm in the diner or exposed his penis in the bar until after the police promised to aid her in regaining custody of her children. During the hearing she failed to relate that Lowe exposed his penis. Criminal charges against the petitioner were dropped after the complainant failed to return to court. The hearing officer found that Lowe did not discharge his weapon. In view of the complaining witness' lack of credibility, the remaining specifications should also have been dismissed. The determination is not supported by substantial evidence.